IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHEILA KNOX,

Plaintiff,

v.

AMAZON.COM SERVICES, LLC,

Defendant.

Civil No. 24-126-BAH

* * * * * * * * * * * * * *

MEMORANDUM OPINION

Plaintiff Sheila Knox ("Plaintiff") brought suit against Amazon.com Services, LLC ("Defendant") alleging discrimination and retaliation. ECF 1.[1] Pending before the Court is Defendant's Motion to Dismiss (the "Motion."). ECF 10. Plaintiff filed an opposition, ECF 15, and Defendant filed a reply, ECF 16. Plaintiff also filed a letter with an update on the case on October 3, 2024. ECF 17. All filings include memoranda of law.[2] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Defendant's Motion to Dismiss is **GRANTED.**

## I. BACKGROUND

Plaintiff's complaint alleges that she was hired to work at Defendant's "Fulfillment [C]enter" on October 20, 2020. ECF 1, at 1. She alleges that that on February 20, 2023, her manager "called [her] the N word." *Id.* Plaintiff alleges she "reported the incident to the Human

[1] Plaintiff also filed a "supplement" to her complaint on January 25, 2024. ECF 4. That filing included several attachments. *Id.* at ECF 4-2 through ECF 4-7.

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

Resource Department" and to a "Senior Operations Manager." *Id.* She also alleges that she reported the incident to her employer through a telephone hotline, and to the "General Manager" of her facility. *Id.*

After an investigation of the incident was launched, Plaintiff was contacted by a company representative to arrange for an interview to "discuss what had happened." ECF 1, at 1. The interview occurred on March 6, 2023. *Id.* Plaintiff alleges that after she "never heard back" from the representative, she took it upon herself to reach out and inquire into the status of the investigation. *Id.* Plaintiff alleges that she texted the company representative on March 29, 2023 and informed her that the manager who allegedly uttered the offensive term was "still [Plaintiff's] manager" and was "taunting [Plaintiff]." *Id.* Plaintiff allegedly told the company representative that she would file an "EEOC complaint against Amazon" if the company failed to take action. *Id.*

On April 27, 2023, Plaintiff alleges that she filed an EEOC complaint against Amazon. *Id.* Plaintiff alleges that on June 16, 2023, she "was called to the Human Resource Department" and told she was "fired for passing a car in the parking lot on June 14, 2023." *Id.* Plaintiff alleges she informed the EEOC of her termination. *Id.*

On July 12, 2023, Plaintiff alleges she filed a "Wrongful Workplace Termination against Amazon" in state court. ECF 1, at 2. She alleges the matter was "transferred" to this Court and dismissed without prejudice because she had failed to exhaust administrative remedies. *Id.* Plaintiff claims that on September 27, 2023, the EEOC "transferred [Plaintiff's] case over to the Maryland State Civil [R]ights Commission," which Plaintiff claims is "broken right now." *Id.* Plaintiff alleges claims under "Article 4 of the Baltimore City Code[,] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. 2000e to 2000e-17 (race, color, gender, religion, national origin)[,] and [r]etaliation." *Id.*

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(5). Defendant alleges that the proposed summons attached to her complaint named "G. Bethany Ingle and Laura Saracina of Littler Mendelson, P.C., 1800 Tysons Boulevard Suite 500, Tysons Corner, VA 22102, as the persons to be served." ECF 10-1, at 1. The Court cautioned Plaintiff, who is proceeding pro se and in forma pauperis, that she had provided a summons "that directs the response to be served on an attorney who has not entered an appearance in this case" and directed Plaintiff to provide a new summons with the proper resident agent for Defendant. *See* ECF 5. Defendant alleges that Plaintiff continued to direct service to be made on the law firm of Littler Mendelson, P.C., *see* ECF 10-1, at 2. The docket reflects the veracity of Defendant's claims. *See* ECF 8; ECF 9 (noting the issuance and service of a summons for Littler Mendelson, P.C.). Defendant alleges that its registered agent for service of process in Maryland is "CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, MD 21202," not Littler Mendelson, P.C. *Id.*

Plaintiff responds by alleging that Defendant's "law firm took full responsibility" when they accepted the summons and Plaintiff appears to argue that the Court provided her with the address of Littler Mendelson, P.C. as the registered agent for Defendant. ECF 15, at 3. Plaintiff appears to acknowledge that the proper agent is CSC – Lawyers Incorporating Service Company, but rhetorically inquires of the Court whether dismissal is appropriate because Plaintiff took a "short cut and went straight to [Defendant's] firm." *Id.* Plaintiff also appears to allege that counsel for Defendant might seek an extension in responding to her suit based on the unreliability of the mail system, a "plan" she disrupted by sending her summons directly to Defendant's counsel. *Id.*

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(5), a defendant may challenge the validity of service by filing a motion to dismiss. Once invalid service is alleged, the burden rests with the

plaintiff to establish valid service pursuant to Federal Rule of Civil Procedure 4. *See Miller v. Baltimore City Bd. of Sch. Com'rs*, 833 F. Supp. 2d 513, 516 (D. Md. 2011) (quoting *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006)). When assessing whether a plaintiff has met that burden, "plain requirements for the means of effecting service of process may not be ignored." *O'Meara*, 464 F. Supp. 2d at 476. "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *Id.* "While pro se litigants are typically afforded greater leniency than represented litigants, '[p]ro se status . . . is insufficient to establish good cause' for failure to comply with Rule 4, 'even where the pro se plaintiff mistakenly believes that service was made properly.'" *Davis v. Baltimore City Cmty. Coll.*, No. 19-cv-2194-ADC, 2019 WL 5636362, at *3 (D. Md. Oct. 31, 2019) (quoting *Tann v. Fisher*, 276 F.R.D. 190, 193 (D. Md. 2011)).

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant. Moreover, any judgment entered against a defendant over whom the court does not have personal jurisdiction is void." *Koehler v. Dodwell*, 152 F.3d 304, 306–07 (4th Cir. 1998) (citing *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). The relevant rule further provides that:

> If a Defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or on order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

## III. ANALYSIS

Service of process on a corporation is governed by Federal Rule of Civil Procedure 4(h). Under Rule 4(h), "unless federal law provides otherwise or the defendant's waiver has been filed, a domestic . . . corporation . . . that is subject to suit under a common name, must be served . . . in

a judicial district of the United States" by either the "manner prescribed by Rule 4(e)(1) for serving an individual; or . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. P 4(h). To serve an individual under Rule 4(e), the plaintiff must follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or may deliver a copy of the summons to "an agent authorized by appointment or by law to receive such service of process." Fed. R. Civ. P. 4(e)(1) and (2)(C). Similarly, Maryland law requires "that service is made upon a limited liability company by serving its resident agent." Md. Rule 2-124(h).

There appears to be no debate that Plaintiff has failed to properly serve Defendant as required by the relevant federal (or state) rules. Plaintiff acknowledges that she chose to "short cut" the process by directing that the summons be served on Defendant's attorneys in Virginia instead of the resident agent in Maryland. ECF 15, at 3. The record here reflects that counsel was not the resident agent for Defendant and was never authorized by Defendant to receive service. *See Royal v. Kirschling*, Civ. No. CCB-19-2825, 2020 WL 2732043, at *2 (D. Md. May 26, 2020) ("Royal also attempted to serve Seifert through his attorney, but it is not clear that the attorney was an 'agent authorized by appointment or by law to receive service of process for the individual.'") (citing Md. R. 2-124); *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) ("The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service."); *Reinhold v. Tisdale*, Civ. No. 06-3311, 2007 WL 2173368, at *2 (D.S.C. July 26, 2007) ("[W]ithout evidence that Defendant actually authorized Arnold to accept

process for him, the January 26, 2007 delivery of the documents constitutes insufficient process under Rule 4(e).").

Plaintiff also fails to establish good cause for her failure. Plaintiff's concerns that Amazon might seek extensions to respond to her complaint do not justify non-compliance with the relevant rules. Moreover, she was warned by the Court that service must be made on the registered agent, not counsel for the Defendant. The record reflects that the Court directed Plaintiff to the State Department of Assessments and Taxation to "obtain the name and service address for the resident agent of a corporate defendant." ECF 5, at 2. As to the argument that the law firm accepted service on behalf of Defendant, it is unclear from the record who, exactly, accepted the summons since the "green card" associated with service is illegible. ECF 9, at 3. Even if acceptance of the summons put Defendant on notice of the suit – as it obviously did given the filing of the motion to dismiss – "[a]ctual notice does not equate to sufficient service of process, even under the liberal construction of the rules applicable to a pro se plaintiff." *Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 305 (4th Cir. 2016).

Since Plaintiff is pro se, the Court could ordinarily retain the case on the docket and give Plaintiff an opportunity to cure her error. *See Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983). However, the Court explicitly warned Plaintiff that she must serve process on the "resident agent, president, secretary, or treasurer." ECF 5, at 2 (citing Md. Rule 2-124(d)). Plaintiff ignored this admonition and requested, for a second time, that service be made on counsel for Defendant in Virginia. *See* ECF 8, at 1. This clear refusal to follow the Court's instruction merits dismissal. *Scott*, 673 F. App'x at 299, 307 (finding that dismissal was appropriate when a pro se plaintiff failed to properly serve process "for the sole reason that [they] refused to follow the district court's specific instructions about how to find the proper service address for [the

defendant]"). Plaintiff acknowledges that she purposefully served the wrong party, and her stated reasons for doing so fail to establish good cause. As such, the Court will GRANT Defendant's Motion to Dismiss under Rule 12(b)(5) and the case is dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF 10) is **GRANTED** and the case is dismissed without prejudice. A separate implementing Order will issue.

Dated: October 23, 2024

/s/
Brendan A. Hurson
United States District Judge